IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER SMITH**, | : | CIVIL ACTION NO. 1:09-CV-1126 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **ROBERT D. SHANNON, PA STATE ATTORNEY GENERAL**, | : | |
| Respondent | : | |

# MEMORANDUM

Petitioner, Walter Smith ("Smith"), a state inmate presently incarcerated at the State Correctional Institution at Frackville ("SCI-Frackville"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the May 22, 2009 decision of the Commonwealth of Pennsylvania Board of Probation and Parole ("Board") to deny him parole. (Doc. 1, at 8.) The matter is ripe for disposition. For the reasons set forth below, the petition will be denied.

## I.     Background

In 2001, Smith was convicted in the Court of Common Pleas of Dauphin County of two counts of aggravated assault and burglary and was sentenced to a term of incarceration of eight to sixteen years with a minimum expiration date of February 21, 2008, and a maximum expiration date of February 21, 2016.

On November 20, 2007, the Board issued a decision granting petitioner "parole on or after 02/21/08 to a dual diagnosis community corrections residency mental health treatment program." (Doc. 10-2, at 1.) This required him to enter

into and actively participate in the community corrections residency until successfully discharged. (Id. at 1, 2.) On December 10, 2007, parole agent Jason Grow sent a letter to the Regional Director of the Bureau of Community Corrections requesting dual diagnosis placement in an appropriate and available Community Corrections Center ("CCC"). (Id. at 4.) On April 23, 2008, parole agent Patrice Schwalm inquired about petitioner's placement date. (Id. at 5.) At that point, it was revealed that he had been rejected by five different CCCs, but had an application pending at a sixth one. (Id.) On May 20, 2008, the regional director of the Bureau of Community Corrections noted that Smith was reviewed and rejected for placement at all CCCs based upon the inability of the contract facilities to meet the dual diagnosis stipulation. (Id. at 6.)

Upon being made aware of the rejections, the Board requested that parole agent Schwalm "determine the rationale for his not being eligible and [provide] any suggestions for possible alternatives." (Id. at 8.) On August 22, 2008, the Bureau of Community Corrections responded that "Region 2 has no Mental Health Program. Because of his dual diagnosis stipulation, the referral was [also] sent to Common Ground, the only inpatient Dual Diagnosis program in region. They rejected him due to 'the acuity of psychiatric issues and extensive history of violence.' He was rejected by 4 other contract facilities because of 'his need for a higher level of care and his need for a higher level of supervision.'" (Id. at 7.)

On September 23, 2008, "Gov. Rendell imposed a moratorium on parole in response to a Sept. 23, 2008 fatal shooting of a Philadelphia police officer by a

2

parolee during a traffic stop." (Doc. 1, at 7.) The "moratorium stopped all parole recommendations and releases if the original crime involved violence. The moratorium remained in effect from September 29, 2008 through December 1, 2008." (Id.) "On December 12, 2008 the Board rescinded the favorable parole action rendered and recorded on November 30, 2007 and listed petitioner for a new review on its next available docket." (Id.) On May 22, 2009, a "Notice of Board Decision" was issued denying him parole because of the negative recommendation made by the Department of Corrections and his prior unsatisfactory parole supervision history. (Doc. 10-2, at 10.)

## II. Discussion

### A. Procedural Due Process

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. Kentucky Dept. of Corrs. v. Thompson, 490 U.S. 454, 460 (1989) (citing Bd. of Regents, 408 U.S. at 571). Second, if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. Id. (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)). Smith cannot meet either criteria because there is "no constitutional or inherent

3

right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections. Both federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. E.g. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rogers v. Pa. Bd. of Prob. & Parole, 555 Pa. 285, 724 A.2d 319, 323 (Pa. 1999).

### B. Substantive Due Process

"Even if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Block v. Potter, 631 F.2d 233, 236 (3d Cir.1980). "Although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'" Burkett, 89 F.3d at 139 (citing Perry v. Sindermann, 408 U.S. 593, 597 (1972)). Under substantive due process, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights (two factors that are not alleged and are not present here). Id. at 140. In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. Block, 631 F.2d at 237.

4

The United States Court of Appeals for the Third Circuit has stressed, however, that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted because the requisite level of arbitrariness must extend beyond the unreasonable; the action must be egregious, at times "conscience shocking." Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). "[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).

Smith contends that his substantive due process rights have been violated "because there was no supporting evidence whatsoever to support the rescinding of the Nov. 30, 2007 favorable parole decision and then denying the petitioner parole after first granting it to him; there was no negative recommendation made by the prosecuting attorney; my substantive due process rights were also violated because the factors cited by the Board was unchanging factors which should no longer be considered." (Doc. 1, at 8, 9.) These contentions are meritless. It is clear from the record that parole was rescinded because there was no facility with a satisfactory dual diagnosis treatment plan. Consequently, the Board's condition that Smith be paroled to a center with such a treatment plan could not be satisfied. It cannot be reasonably disputed that there was "some basis" for the decision to rescind parole. Moreover, it is clear that the denial of parole was not arbitrary and capricious because it was based on the negative recommendation made by the Department of

Corrections and Smith's prior unsatisfactory parole supervision history.  Smith has failed to direct the court to any factor relied upon by the Board that could be described as "conscience shocking."  Finally, his argument that the Board rescinded its favorable parole determination due to the parole moratorium issued by Governor Rendell lacks merit as the favorable parole decision was rescinded after the moratorium was lifted.

## III.  Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied. An appropriate order follows.

      S/ Christopher C. Conner  
      CHRISTOPHER C. CONNER  
      United States District Judge

Dated:      May 19, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER SMITH**, | : | **CIVIL ACTION NO. 1:09-CV-1126** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **ROBERT D. SHANNON, PA STATE ATTORNEY GENERAL**, | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 19th day of May, 2010, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DENIED.

2. The Clerk of Court shall CLOSE this case.

                                              S/ Christopher C. Conner
                                              CHRISTOPHER C. CONNER
                                              United States District Judge